UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KHURRAM SHAHZAD,

                         Plaintiff,

            -against-

THE COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, SERGEANT DAVID
VEVERKA, Shield # 1495, POLICE OFFICER
DAVID TAIT, Shield # 01471, SERGEANT
BURTON A. FRIED, DETECTIVE THOMAS
STORZ, DETECTIVE JASON PINSKY, Shield #
7908 of the Forensic Evidence Bureau, NASSAU
COUNTY ATTORNEY KATHLEEN RICE,
ASSISTANT DISTRICT ATTORNEY PATRICK J.
FINLEY, COMMISSIONER FORD, CORPORAL HARDY,
CORRECTIONS OFFICER DALEY, and OFFICERS OF
THE NASSAU COUNTY SHERIFF'S DEPARTMENT
CORRECTIONS DIVISION,

                         Defendant(s).
-----------------------------------------------------------X

**REPORT AND RECOMMENDATIONS**

CV 13-2268 (SJF)(WDW)

**WILLIAM D. WALL, United States Magistrate Judge:**

     Before the court on referral from District Judge Feuerstein is the defendants' motion for partial dismissal pursuant to Rule 12(b)(6). DE[39]. The motion is opposed by the plaintiff. DE[ 40]. I recommend that the motion be granted in part and denied in part. The motion should be granted to the extent that (1) the claims for fraud and negligent misrepresentation should be dismissed because they were not directly or indirectly raised in the Notice of Claim; (2) any claim for intentional infliction of emotional harm against governmental entity defendants should be dismissed; and (3) the claim for abuse of process should be dismissed for failure to plead a prima facie case . I further recommend that the claims for malicious prosecution should not at this time be dismissed based on the terms of the Settlement Agreement and Release, nor should the claims against individuals based on failure to name them in the Notice of Claim or serve

them with that Notice.  Those arguments might, however, be renewed later in the litigation.  Finally, the claim for intentional infliction of emotional harm is indirectly stated in the Notice of Claim and can go forward against non-governmental entity defendants.

## BACKGROUND

This action was filed on April 15, 2013, alleging numerous violations of the plaintiff's civil rights under both federal and state law.  The complaint asserts 14 causes of action, and the defendants seek dismissal of the first seven.  In November 2008, the plaintiff filed a complaint against Nassau County and various agencies and employees under docket number CV-08-4460, alleging physical mistreatment at the Nassau County Correctional Center (Shahzad I).  In that action, the defendants made an offer of judgment that was accepted by Shahzad.  A Settlement Agreement and General Release was executed, and the action was dismissed on November 6, 2009.  Both actions arise from Shahzad's arrest on June 9, 2007.  The defendants say that Shahzad was detained for a traffic violation and that a search of his vehicle and/or his person yielded narcotics.  He was indicted on February 6, 2008.  Shahzad says that all of the charges against him were unfounded, and he maintains his innocence on all grounds.

The plaintiff asserts, in his memorandum in opposition, that he remained in custody after his arrest for approximately 346 days before his case was "dismissed" and he was released from jail, presumably sometime in or around June 2008.  DE[40] at 2.  After the "dismissal" and after he was released from jail, he filed Shahzad I on November 6, 2008.  As noted, that case was settled and a Release entered into on November 5, 2009.

There is no explanation in the record now before the court of what was "dismissed" or why, and the word dismissal suggests a permanent resolution, but the effect of this "dismissal"

was temporary.  On October 24, 2010, he was notified that his case was reopened and he appeared for a two week trial, after which he was convicted of all charges against him.  On December 1, 2010, he was sentenced to four years imprisonment.  On April 18, 2012, however, the state court granted Shahzad's motion to set aside the verdict, pursuant to CPL §330.30, with the People's consent.  DE[40-1], Ex. B.  Nothing in the record reveals the reasons for that ruling.  On July 23, 2012, the plaintiff served a Notice of Claim and a hearing pursuant to General Municipal Law §50-h was held on October 22, 2012.  This action followed.

The defendants now move, *inter alia,* to dismiss all claims based on "acts or transactions" occurring before November 5, 2009, the date of the Release, pursuant to the terms of that agreement.  Although the facts regarding the "dismissal" and reopening of the case against Shahzad are not clear, it is clear that when the Release was entered into, on November 5, 2009, Shahzad was not incarcerated in Nassau County on the earlier indictment.  Presumably, at the time he signed the Release, his criminal "case" was still in some state of "dismissal."  Further, the claims set forth in Shahzad I involved only allegations of physical abuse, and did not suggest any claims of false arrest or malicious prosecution or abuse of process or fraud under either state or federal law.

On this motion, the defendants seek to dismiss not only the malicious prosecution claims, but the claims for intentional infliction of emotional harm, abuse of process, fraud, and negligent misrepresentation as well.

## DISCUSSION

**Rule 12(b)(6) Standards:**

The defendants move pursuant to Rule 12(b)(6) for dismissal of several, but not all

3

claims.  In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  See *Cleveland v. Caplaw Enterprises,* 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.,* 421 F.3d 96, 100 (2d Cir. 2005); *Rosen v. North Shore Towers Apts., Inc.,* 2011 WL 2550733, *2 (E.D.N.Y. June 27, 2011)(12(b)(1)).  To survive a motion to dismiss pursuant to Rule 12, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 563 (2007).  The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  But, a pleading that offers only 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 557.) Thus, while detailed factual allegations are not required, the pleading rules do require more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555 (internal citations omitted).

The Supreme Court clarified the appropriate pleading standard in *Iqbal,* setting forth a two-pronged approach for courts deciding a motion to dismiss.  District courts are to first "identify [] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679.  Though "legal conclusions can provide the

4

framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting and citing *Twombly,* 550 U.S. at 556) (internal citations omitted).

**The Settlement Agreement and General Release:**

The defendants argue that claims One, Six and Seven, for malicious prosecution under state law, and violations of the Fifth, Sixth, and Fourteenth amendments amounting to malicious prosecution and abuse of process by several defendants under Section 1983, must be dismissed because they arise from "acts or transactions" that occurred prior to November 5, 2009 and are thus barred by the Settlement and Release.

The defendants ask the court to take judicial notice of the Settlement and Release (DE[39] at n.1), but the court cannot do so because it does not meet the standards for judicial notice. On a 12(b)(6) motion, the court must limit its analysis to the four corners of the complaint and can consider documents attached to or incorporated by reference in the complaint. *See ATSI Communications, Inc., v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007); *Robinson v. Pierce,* 2012 WL 833221, * (S.D.N.Y. Mar. 13, 2012) (internal citations omitted). The court can also consider matters of which judicial notice can be taken. *Robinson*, 2012 WL 833221 at *2 (internal citations omitted). Shahzad's Complaint in this case does not mention or attach the

5

Release from Shahzad I, indeed, does not mention that lawsuit at all. And, despite the defendants' claim that the documents were "part of the Stipulation of Dismissal With Prejudice" filed in Shahzad I, they were not part of that document and they do not appear in the court's docket. *See* DE[39], n.1. Thus, neither the Settlement Agreement nor the Release is a court document and they are not susceptible to judicial notice. *Robinson,* 2012 WL 833221 at *3. I can, however, convert the aspect of the motion to dismiss that deals with the Release to a motion for summary judgment and I consider the document in that light. *See Robinson,* 2012 WL 833221 at *3; Fed. R. Civ. P. 12(d); *Friedl v. City of N.Y.,* 210 F.3d 79, 83 (2d Cir. 2000).

Under New York law, "when a release is clear and unambiguous, it will be interpreted without resort to parole evidence and strictly enforced, such that any claim by a party that it intended something else is insufficient to vitiate the release's force and effect." *ASI Sign Systems, Inc.,* 210 F.3d 354 at *2 (2d Cir. 2000); *Twine v. Four Unknown New York Police Officers,* 2012 WL 6184014, *8 (S.D.N.Y., Dec. 12, 2012). However, the "'meaning and coverage of a general release depends on the controversy being settled and upon the purpose for which the release was actually given," and "'a release may not be read to cover matters which the parties did not desire or intend to dispose of.'" *Huma v. Patel,* 68 A.D.3d 821, 822 (2d Dep't 2009)(quoting *Lefrak SBN Assoc. v. Kennedy Galleries,* 203 A.D.2d 256 (2d Dep't 1994)) (additional citations omitted).

The defendants move to dismiss the malicious prosecution claims in Counts one, six and seven. One of the elements of a malicious prosecution claim, whether under state or federal law, is the initiation of criminal proceedings against the plaintiff. Here, the defendants argue, that initiation occurred on February 6, 2008, when Shahzad was indicted. In the Settlement

6

Agreement and General Release, Shahzad agreed that:

> 7. Except as to his right to enforce this Settlement Agreement, Plaintiff hereby covenants and agrees that he will not at any time hereafter commence, pursue, maintain or prosecute any action, suit, grievance or proceeding of any kind against the County of Nassau, Edward Reilly, James Carroll, Leonard Torchia, Charles Daly, and Christopher Presta, the Nassau County Sheriff's Department, the Nassau County Correctional Center and/or the Released Parties with respect to any act, omission or transaction occurring up to and including the date of this Settlement Agreement.

The date of the Settlement Agreement and Release is set forth as November 5, 2009, and the defendants state that "the Released Parties" include all Nassau County employees. Thus, they argue, the three causes of action are based on an act or transaction occurring prior to November 5, 2009 - the February 6, 2008 indictment - and must be dismissed on that ground.

The plaintiff argues that the release does not apply, because the cause of action for malicious prosecution did not accrue until the order issued by the state court in April 2012, when the prosecution was terminated in his favor. Thus, the parties frame the issue as one in which the first element of the cause of action, commencement of a proceeding, occurred prior to November 5, 2009, and the last element of the cause of action, the favorable termination, occurred after that date. I decline to address the issue on those terms, however, because the dearth of relevant factual information in the pleadings and motion papers leaves open too many questions to allow a reasoned ruling on the issue.

Shahzad was first arrested on June 9, 2007 and indicted on February 6, 2008. He asserts that he remained in jail for close to a year, until his "case was dismissed." Pl. Mem. in Opp., DE[40] at 1-2. Following his incarceration, he filed Shahzad I- which raised only claims of alleged beatings and physical mistreatment at the NCCC - and subsequently signed the Release. On October 24, 2010, he was "notified that his case had been reopened." *Id.* at 2. He was

7

convicted and sentenced, and the State later granted his motion to set aside the verdict, "with the people's consent." Pl.'s Ex. B. Nothing in the complaint or in the motion papers explains or even implies what exactly was "dismissed" in 2009, or why. Or, if there was no *per se* dismissal, as seems the case, what Shahzad thought the status of the indictment was. Did he intend to release only claims based on physical abuse, the only claims raised in Shahzad I, or all claims related to his arrest, indictment and incarceration? Did he assume that the criminal charges against him could not or would not be revived? The record does not provide the answers to those questions.

Bearing in mind that the "'meaning and coverage of a general release depends on the controversy being settled and upon the purpose for which the release was actually given,'" and "'a release may not be read to cover matters which the parties did not desire or intend to dispose of.'" *Huma*, 68 A.D.3d at 822, I take no position and make no recommendation as to whether the Release should compel the eventual dismissal of the first, sixth and seventh causes of action, but recommend that the motion be denied on that ground at this time, because material issues of fact exist.

**Grounds for Dismissing State Law Tort Claims:**

The defendants argue that several of the state law claims, including intentional infliction of emotional harm, abuse of process, fraud and negligent misrepresentation, must be dismissed because they were not included in Shahzad's Notice of Claim. They also argue that state law claims against all individual defendants other than Kathleen Rice and Patrick Finley must be dismissed because they are the only two individuals named in the Notice. The Notice of Claim is referenced in the Complaint at paragraph 16, and the court may take judicial notice of it. *See*

*ATSI Communications, Inc.,* 493 F.3d 87 at 98. A copy was provided by the defendants. *See* DE[39-1]. The defendants argue for the dismissal of various claims on other grounds, as well, as discussed *infra.*

<u>Notice of Claim Standards</u>

Under New York law, a notice of claim is a condition precedent to bringing a tort action against municipal defendants. *See* N.Y. Gen. Mun. Law § 50–e; *Morgan v. Nassau County,* 2009 WL 2882823, *14 (E.D.N.Y. Sept. 2, 2009). The notice of claim requirements apply to state tort claims brought as pendent claims in a federal civil rights action. *Fincher v. County of Westchester,* 979 F. Supp. 2d 989, 1002 (S.D.N.Y.1997). The notice of claim must provide, among other things, the nature of the claim and must be filed within ninety days after the claim arises. N.Y. Gen. Mun. Law § 50–e. "Notice of claim requirements are construed strictly by New York state courts." *AT&T v. New York City Dep't of Human Resources*, 736 F. Supp. 496, 499 (S.D.N.Y.1990) (citations omitted). The failure to comply with these requirements generally results in dismissal for failure to state a claim. *See Rose v. County of Nassau,* 904 F. Supp. 2d 244, 247-48 (E.D.N.Y. 2012); (citing *Brown v. Metro Transp. Auth.,* 717 F. Supp. 257, 259 (S.D.N.Y. 1989)). The purpose of the notice of claim requirement is to afford the municipal entity an "adequate opportunity to investigate the claim in a timely and efficient manner and, where appropriate, to settle claims without the expense and risks of litigation." *Fincher,* 979 F. Supp. at 1002 (citing *Brown*, 172 A.D.2d 178, 180, 568 N.Y.S.2d 54 (1st Dep't 1991))(additional citations omitted).

Generally, the test of a notice of claim's sufficiency is "whether it includes enough information to enable the municipality to investigate the claim adequately . . . [and] [m]erely

providing notice of the occurrence is not adequate to constitute notice of a particular claim." *Id.* (citations omitted). "The fact that a cause of action not mentioned in a notice of claim arises out of the same incident as enumerated claims 'is not pivotal; rather the nature of the claim and the theory of liability are determinative.' " *Id.* at 1002–03 (quoting *Wanczowski v. City of New York*, 186 A.D.2d 397, 397, 588 N.Y.S.2d 1011 (1st Dep't 1992) (additional citations omitted)). "Any cause of action not directly or indirectly mentioned in the notice of claim may not be included in a subsequent lawsuit." *Id.* at 1003 (citations omitted).

Courts have noted, however, that they do not "'look for magic language setting forth each claim,'" and that "not every claim need be set forth *in haec verba*, as long as the details pertaining to such a claim are described sufficiently with respect to time, place and manner to enable the [municipality] to investigate the claims.'" *Patterson,* 2012 WL 5992748 at *8(quoting *DC v. Valley Central Sch. Dist.,* 2011 WL 3480389, *2 (S.D.N.Y. June 29, 2011) and *Gonzalez v. Bratton,* 147 F. Supp. 2d 180, 193 (S.D.N.Y. 2001). The *Fincher* court noted, though, that although some courts have applied the notice requirements flexibly, "their more liberal application of § 50–e has not been followed by the substantial majority of cases that have addressed the issue." *Id.* at 1003, n. 7.

<u>Failure to Name Individuals in the Notice of Claim</u>

As to naming and/or serving individuals in a Notice of Claim, previous cases have held that "'General Municipal Law § 50–e makes unauthorized an action against individuals who have not been named in a notice of claim . . .' " *Rateau v. City of New York*, 2009 WL 3148765, *15 (E.D.N.Y. Sept. 29, 2009) (quoting *Tannenbaum v. City of New York*, 30 A.D.3d 357, 358, 819 N.Y.S.2d 4 (1st Dep't 2006)). A recent case out of the Fourth Department, however, has

abandoned that rule. *See Goodwin v. Pretorius,* 105 A.D.3d 207 (4th Dep't 2013). The *Goodwin* court traced the background of the rule and the language of the statute and held that, although it had been applied in numerous cases, the rule requiring the naming and serving of individuals had no basis in the text of General Municipal law §50-e. There thus appears to now be a split in the Appellate Divisions on this issue. We need not dwell on that split, however, because the defendants' request that we dismiss on that ground should be denied for a different reason.

Here, the Notice of Claim does not mention any individuals other than Rice and Finley. "Service of a notice of claim is not a condition precedent to the commencement of an action against a county's employees or agents unless the county is required to indemnify the individual defendants." *See Costabile v. County of Westchester,* 485 F. Supp. 2d 424, 432 (S.D.N.Y.2007) (citing N.Y. Gen. Mun. Law § 50–e (1)(b)). General Municipal Law §50-n requires Nassau County to indemnify individual defendants when they have acted within the scope of their employment. Whether the various police defendants were acting within the scope of their employment with the County while committing the alleged tortious acts, and thus should have been served and/or named, was not briefed by the County Defendants (*see* DE[39] at7-8), and the court will not address this issue *sua sponte*. *See Naples v. Stefanelli,* 2013 WL 5278026, *10 (E.D.N.Y. Sept. 18, 2013). Accordingly, to the extent that the County Defendants' motion seeks dismissal of the state law claims against the unnamed individuals because they were not mentioned in the Notice of Claim or served with the Notice, I recommend that the motion be denied at this time, without prejudice to renewal on a possible future motion .

**Failure to List Specific Causes of Action in the Notice**

I turn to the sufficiency of the Notice as to the other claims raised by the defendants.

11

Shahzad's Notice of Claim states the following:

> 2. The nature of the claim is:
>
> FALSE ARREST, FALSE IMPRISONMENT, ASSAULT, BATTERY, MALICIOUS PROSECUTION, WRONGFUL IMPRISONMENT, DEPRIVATION OF CIVIL RIGHTS.
>
> To recover damages for injuries sustained by the claimant as a result of the negligence, recklessness, and intentional conduct of the County of Nassau, its agents, servants and/or employees of the Nassau County Police Department, Nassau County District Attorney Kathleen Rice and Assistant District Attorney Patrick J. Finley.
>
> Claim is also made under 42 U.S.C. §§ 1981, 1983 and 1985 for deprivation of Claimants' [sic] federal civil rights under color of state law.
>
> Claim is also made for negligent hiring, retention, and training of agents, servants, and/or employees of the County of Nassau, including but not limited to the aforesaid detectives.

The Notice also provides, in the damages section, that Shahzad "sustained physical, emotional and psychological injuries and endured conscious pain and suffering, humiliation, embarrassment and damage to reputation . . ." DE[39-4], Ex. B.

Intentional Infliction of Emotional Harm - I recommend a finding that the references to emotional and psychological injuries indirectly suggest a claim for intentional infliction of emotional distress and that the claim not be dismissed on the ground of Notice insufficiency. However, public policy bars intentional infliction of emotional distress claims against government entities, and I recommend that that claim, to the extent it was intended against the government defendants, be dismissed as against them. *See Burbar v. Incorporated Village of Garden City,* 2013 WL 4427810, *10 (E.D.N.Y. Aug. 19, 2013) (citations omitted). I turn now to the Notice of Claim standards as applied to the state tort claims.

Abuse of Process, Fraud and Negligent Misrepresentation - As noted *supra,* "not every

12

claim needs to be set forth ... as long as the details pertaining to such a claim are described sufficiently with respect to time, place and manner." *Gonzalez,* 147 F. Supp. 2d at 193. Here, the defendants were aware of the seven claims listed in the original Notice of Claim, all of which arose from the same underlying arrest and incarceration. In this way, the notice of claim gave the defendants enough information to investigate the incidents at issue, and investigation of the incidents would at least indirectly have led to investigation of circumstances underlying an abuse of process claim. *See Burbar* at *4 (citing *Cunningham v. New York City*, 2008 WL 1944696, at *2 (S.D.N.Y. May 1, 2008)).

But the allegations in the Notice of Claim of Shahzad's having been arrested and mistreated would not lead, even indirectly, to an investigation of fraud or negligent misrepresentation, both of which have very specific pleading requirements, fraud to be pleaded with more specificity than most claims, and negligent misrepresentation to plead a special relationship. Thus, I recommend that the abuse of process claim not be dismissed for Notice of Claim insufficiency, but that the fraud and negligent misrepresentation claims be dismissed on that ground.

**Pleading Deficiencies:**

The defendants also argue that the claims for Abuse of Process, Fraud, and Negligent Misrepresentation be dismissed for pleading deficiencies. Because I have already recommended that the fraud and negligent misrepresentation causes of action should be dismissed pursuant to Notice of Claim insufficiency, I will look only to the pleading issues regarding abuse of process.

Under New York law, a plaintiff claiming abuse of process must show that a defendant "'(1) employ[ed] regularly issued legal process to compel performance or forbearance of some

act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process.'" *Vasquez v. City of New York,* 2013 WL 5519981, * 8 (Sept. 30, 2013); (quoting *Savino v. City of New York,* 332 F.3d 63, 76 (2d Cir. 2003)). Here, the plaintiff asserts that the defendants "employed regularly issued criminal legal process against Plaintiff," in the form of false allegations and perjurious testimony. Compl., ¶¶126-32. However, false testimony and allegations are not considered process under New York law. *See Williams,* 23 N.Y.2d 592, 596 (1969). The plaintiff has provided no caselaw to the contrary, and I recommend that the claim be dismissed for failure to plead a prima facie case of abuse of process.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for the parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008); *Cephas v. Nash,* 328 F.3d 98, 107 (2d Cir. 2003).

Dated: Central Islip, New York
　　　　October 22, 2013

　　　　　　　　　　　　　　　　　　　　　　　　/s/ William D. Wall
　　　　　　　　　　　　　　　　　　　　　　　　WILLIAM D. WALL
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge