UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
KHURRAM SHAHZAD,

                             Plaintiff,          **13-cv-2268**

                                               **(SJF)(WDW)**

        -against-


THE COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, SERGEANT DAVID
VEVERKA, SHIELD # 1495, POLICE OFFICER DAVID
TAIT, SHIELD #01471, SERGEANT BURTON A.
FRIED, DETECTIVE THOMAS STORZ, DETECTIVE
JASON PINSKY, SHIELD #7908 OF THE FORENSIC
EVIDENCE BUREAU, NASSAU COUNTY DISTRICT
ATTORNEY KATHLEEN RICE, ASSISTANT
DISTRICT ATTORNEY PATRICK H. FINLEY,
COMMISSIONER FORD, CORPORAL HARDY,
CORRECTION OFFICER DALEY and OFFICERS
OF THE NASSAU COUNTY SHERIFFS DEPARTMENT
 CORRECTIONS DIVISION


                               Defendants.
--------------------------------------------------------------------X

      Defendants, County of Nassau, Nassau County Police Department, Sergeant David

Veverka, Shield # 1497, Police Officer David Tait, Shield #01471, Sergeant Burton A. Fried,

Detective Thomas Storz, Detective Jason Pinsky, Shield #7908 of the Forensic Evidence Bureau,

Nassau County District Attorney Kathleen Rice, Assistant District Attorney Patrick H. Finley,

Commissioner Ford, Corporal Hardy and Correction Officer Daley ("County Defendants"), by

Carnell T. Foskey, Nassau County Attorney, by Thomas Lai, Deputy County Attorney, as and for

an answer to the Complaint of the Plaintiff herein, respectfully allege as follows:

## AS AND FOR AN ANSWER TO
## <u>NATURE OF ACTION</u>

1.   Deny the allegation contained in paragraph 1 above and respectfully refer questions of law to the court.

2.   Deny the allegations contained in paragraph 2 of the Complaint except aver that on April 18, 2012 County Court Judge and Acting Supreme Court Justice Tammy S. Robbins ordered that "[b]ased on the People's consent, Defendant's motion to set aside the verdict, pursuant to Criminal Procedure Law § 330.30, is granted."

3.   Deny the allegation contained in paragraph 3 above and respectfully refer questions of law to the court.

4.   Deny the allegation contained in paragraph 4 above and respectfully refer questions of law to the court.

5.   Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint except aver that on December 28, 2011, the Honorable Tammy S. Robbins ordered "that an evidentiary hearing must be held pursuant to CPL § 330.40(f) at which time findings of fact essential to the determination of the defendant's motion will be made (see, People v. Clinkscaleas, 48 AD3d 474 [2 Dept. 2008]."

6.   Admit the allegations contained in paragraph 6 of the Complaint.

7.   Deny the allegations contained in paragraph 7 of the Complaint.

8.   Deny the allegations contained in paragraph 8 of the Complaint.

9.   Deny the allegations contained in paragraph 9 of the Complaint.

10.  Deny the allegation contained in paragraph 10 above and respectfully refer questions of law to the court.

11.  Deny the allegations contained in paragraph 11 of the Complaint.

2

a.   Deny the allegations contained in paragraph 11(a) of the Complaint.

b.   Deny the allegations contained in paragraph 11(b) of the Complaint.

c.   Deny the allegations contained in paragraph 11(c) of the Complaint.

d.   Deny the allegations contained in paragraph 11(d) of the Complaint.

e.   Deny the allegations contained in paragraph 11(e) of the Complaint.

f.   Deny the allegations contained in paragraph 11(f) of the Complaint.

12. Deny the allegations contained in paragraph 12 of the Complaint.

**AS AND FOR AN ANSWER TO**
**JURISDICTION, VENUE, and CONDITIONS PRECEDENT**

13. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint and respectfully refer questions of law to the court.

14. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint and respectfully refer questions of law to the court.

15. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Complaint and respectfully refer questions of law to the court.

16. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Complaint except aver that a document purporting to be a Notice of Claim was received on or about July 23, 2012.

17. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint and respectfully refer questions of law to the court.

18. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint and respectfully refer questions of law to the court.

## AS AND FOR AN ANSWER TO
## <u>THE PARTIES</u>

19. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint.

20. Deny the allegations contained in paragraph 20 of the Complaint except aver that Defendant County of Nassau is a municipal corporation organizing and existing under the laws of the State of New York.

21. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint but aver that Sergeant David Veverka was employed as police officer at all relevant times herein.

22. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint but aver that Police Officer David Tait was employed as police officer at all relevant times herein.

23. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint but aver that Police Officer David Tait was employed as police officer at all relevant times herein.

24. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint but aver that Detective Thomas Storz was employed as police officer at all relevant times herein.

25. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint but aver that Detective Jason Pinsky was employed as police officer at all relevant times herein.

26. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Complaint but aver that Kathleen Rice was employed by the Nassau County District Attorney's Office at all times herein alleged.

27. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint but aver that Patrick J. Finley was employed by the Nassau County District Attorney's Office at all times herein alleged.

28. Deny the allegations contained in paragraph 28 of the Complaint except aver that the Nassau County Police Department is an administrative arm of the County of Nassau as alleged in paragraph 28 of the Complaint and as such, lacks the capacity to be sued.

29. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 of the Complaint but aver that Commissioner Ford was employed by the Nassau County Sheriff's Department at all relevant times herein.

30. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint but aver that Corporal Hardy was employed by the Nassau County Sheriff's Department at all relevant times herein.

31. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Complaint but aver that Correction Officer Daley was employed by the Nassau County Sheriff's Department at all relevant times herein.

32. Deny the allegations contained in paragraph 32 of the Complaint except aver that the Nassau County Sheriff's Department, Corrections Division is an administrative arm of the County of Nassau as alleged in paragraph 32 of the Complaint and as such, lacks the capacity to be sued.

33. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36 of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the Complaint and respectfully refer questions of law to the court.

38. Deny the allegations contained in paragraph 38 of the Complaint.

    a.   Deny the allegations contained in paragraph 38(a) of the Complaint.

    b.   Deny the allegations contained in paragraph 38(b) of the Complaint.

    c.   Deny the allegations contained in paragraph 38(c) of the Complaint.

    d.   Deny the allegations contained in paragraph 38(d) of the Complaint.

    e.   Deny the allegations contained in paragraph 38(e) of the Complaint.

    f.   Deny the allegations contained in paragraph 38(f) of the Complaint.

39. Deny the allegations contained in paragraph 38(f) of the Complaint.

**AS AND FOR AN ANSWER TO**
**<u>ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>**

**AS AND FOR AN ANSWER TO**
**<u>A. The Alleged Crime and the Initial Investigation</u>**

40. Deny the allegations contained in paragraph 40 of the Complaint except aver that Plaintiff was observed operating a 1996 white Audi, NY registration DRF6005, in an easterly direction on Merrick Rd., and disobeyed a steady red traffic light.

41.  Deny the allegations contained in paragraph 41 of the Complaint except aver that a VTL stop was conducted by two reporting officers.

42. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42 of the Complaint.

43. Deny the allegations contained in paragraph 41 of the Complaint except aver the vehicle was searched and narcotics were found.

44. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 44 of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 44 of the Complaint except aver that material for the case of Khurram Shahzad was tested by Defendant Detective Jason Pinsky of the Forensic Evidence Bureau.

**AS AND FOR AN ANSWER TO**
**B.  Plaintiff's Arrest and Indictment**

46. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 of the Complaint except aver that Plaintiff was subsequently charged with several offenses.

47. Deny the allegations contained in paragraph 47 of the Complaint.

48. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 49 of the Complaint.

49. Deny the allegations contained in paragraph 9 of the Complaint.

50. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the Complaint.

51. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 51 of the Complaint.

**AS AND FOR AN ANSWER TO**
<u>**C. Plaintiff's Criminal Trial**</u>

52. Admit the allegations contained in paragraph 52 of the Complaint.

53. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 53 of the Complaint except aver that Plaintiff was convicted.

54. Deny the allegations contained in paragraph 54 of the Complaint.

55. Deny the allegations contained in paragraph 55 of the Complaint.

56. Deny the allegations contained in paragraph 56 of the Complaint.

57. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 57 of the Complaint and respectfully refer questions of law to the court.

58. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 58 of the Complaint and respectfully refer questions of law to the court.

59. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 59 of the Complaint and respectfully refer questions of law to the court.

60. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 60 of the Complaint and respectfully refer questions of law to the court.

61. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 61 of the Complaint and respectfully refer questions of law to the court.

62. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 62 of the Complaint and respectfully refer questions of law to the court.

63. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 63 of the Complaint and respectfully refer questions of law to the court.

64. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 64 of the Complaint and respectfully refer questions of law to the court.

65. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 65 of the Complaint and respectfully refer questions of law to the court.

66. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 66 of the Complaint and respectfully refer questions of law to the court.

67. Deny the allegations contained in paragraph 67 of the Complaint.

68. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 68 of the Complaint.

69. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 69 of the Complaint.

70. Deny the allegations contained in paragraph 70 of the Complaint.

**AS AND FOR AN ANSWER TO**
**1. Police Officer David Veverka**

71. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 71 of the Complaint.

72. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 71 of the Complaint.

73. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 71 of the Complaint.

**AS AND FOR AN ANSWER TO**
**2. Police Officer David J. Tait**

74. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 74 of the Complaint.

75. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 75 of the Complaint.

76. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 76 of the Complaint.

77. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 77 of the Complaint.

78. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 78 of the Complaint.

79. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 79 of the Complaint.

80. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 80 of the Complaint.

81. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 81 of the Complaint and refer all questions of law to the Court but aver that pursuant to CPL § 165.90**,** all grand jury proceedings are secret.

### AS AND FOR AN ANSWER TO
### 3. Detective Thomas Storz

82. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 82 of the Complaint.

83. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 83 of the Complaint.

### AS AND FOR AN ANSWER TO
### 4. Detective Jason Pinsky

84. Admit the allegations contained in paragraph 84 of the Complaint.

85. Admit the allegations contained in paragraph 85 of the Complaint.

86. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 86 of the Complaint.

87. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 87 of the Complaint and respectfully refer questions of law to the court.

## AS AND FOR AN ANSWER TO
### D. Plaintiff's Conviction, Sentencing and Motion

88. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 88 of the Complaint except aver that Plaintiff was convicted.

89. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 89 of the Complaint.

90. Admit the allegations contained in paragraph 90 of the Complaint.

91. Deny the allegations contained in paragraph 91 of the Complaint except aver that Plaintiff's motion to set aside the verdict challenged the People's failure to disclose material evidence.

92. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 92 of the Complaint except aver that on December 28, 2011 the Honorable Tammy S. Robbins ordered an evidentiary hearing.

93. Deny the allegations contained in paragraph 93 of the Complaint except aver that on April 18, 2012 County Court Judge and Acting Supreme Court Justice ordered that "[b]ased on the People's consent, Defendant's motion to set aside the verdict, pursuant to Criminal Procedure Law § 330.30, is granted."

## AS AND FOR AN ANSWER TO
## E. Information Wrongfully Withheld

94. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 94 of the Complaint but aver that the lab was closed.

95. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 95 of the Complaint except aver that on December 3, 2010 the ASCLD/LAB placed the FEB on probation as a result of non-compliances in 15 Essential, 10 Important and 1 Desirable criteria during the November 7-11, 2010 accreditation inspection.

96. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 96 of the Complaint except aver that on August 14, 2006, ten months after the initial inspection, the ASCLD/LAB Board placed the FEB on probation due to the unacceptably high number of non-compliances found during the September 2005 inspection, and its self-audit which was inconsistent with the inspection. However, the Board, having accepted the FEB's remediation, the Board also reaccredited the lab at the same time.

97. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 97 of the Complaint except aver that on December 17, 2010 nine questionable MDMA purity cases, conducted between 2003 and 2010, were sent to the Suffolk County Crime Laboratory for re-analysis. The results differed significantly from FEB analysis and affected criminal charges in three of the nine cases.

98. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 98 of the Complaint but aver that the lab was closed.

## AS AND FOR AN ANSWER TO
## F. Plaintiff's Incarceration

99. Deny the allegations contained in paragraph 99 of the Complaint.

100.        Deny the allegations contained in paragraph 100 of the Complaint.

101.       Deny the allegations contained in paragraph 101 of the Complaint.

102.       Deny the allegations contained in paragraph 102 of the Complaint.

103.       Deny the allegations contained in paragraph 103 of the Complaint.

104.       Deny the allegations contained in paragraph 104 of the Complaint.

105.       Deny the allegations contained in paragraph 105 of the Complaint.

## AS AND FOR AN ANSWER TO
### Plaintiff' Damages and Injuries

106.       Deny the allegations contained in paragraph 106 of the Complaint.

    a.  Deny the allegations contained in paragraph 106(a) of the Complaint.

    b.  Deny the allegations contained in paragraph 106(b) of the Complaint.

    c.  Deny the allegations contained in paragraph 106(c) of the Complaint.

    d.  Deny the allegations contained in paragraph 106(d) of the Complaint.

    e.  Deny the allegations contained in paragraph 106(e) of the Complaint.

    f.  Deny the allegations contained in paragraph 106(f) of the Complaint.

107.       Deny the allegations contained in paragraph 107 of the Complaint.

108.       Deny the allegations contained in paragraph 108 of the Complaint.

## AS AND FOR AN ANSWER TO
### FIRST CAUSE OF ACTION

109.       County Defendants repeat and re-allege the answers set forth in paragraphs "1" through "108" of the complaint as if fully set forth herein.

110.       Deny the allegations contained in paragraph 110 of the Complaint.

111.       Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 111 of the Complaint.

112.       Deny the allegations contained in paragraph 112 of the Complaint.

113.        Deny the allegations contained in paragraph 113 of the Complaint.

114.        Deny the allegations contained in paragraph 114 of the Complaint.

## AS AND FOR AN ANSWER TO
## SECOND CAUSE OF ACTION

115.        County Defendants repeat and re-allege the answers set forth in paragraphs "1"

through "115" of the complaint as if fully set forth herein.

116.        Pursuant to the Opinion and Order of United States District Court Judge Sandra

Feuerstein, entered on November 14, 2013, Plaintiffs' cause of action for Intentional Infliction of

Emotional Distress under State Law; All Defendants was dismissed.  Therefore, no response is

required to paragraph 116 of the Complaint.

117.        Pursuant to the Opinion and Order of United States District Court Judge Sandra

Feuerstein, entered on November 14, 2013, Plaintiffs' cause of action for Intentional Infliction of

Emotional Distress under State Law; All Defendants was dismissed.  Therefore, no response is

required to paragraph 117 of the Complaint.

118.        Pursuant to the Opinion and Order of United States District Court Judge Sandra

Feuerstein, entered on November 14, 2013, Plaintiffs' cause of action for Intentional Infliction of

Emotional Distress under State Law; All Defendants was dismissed.  Therefore, no response is

required to paragraph 118 of the Complaint.

119.        Pursuant to the Opinion and Order of United States District Court Judge Sandra

Feuerstein, entered on November 14, 2013, Plaintiffs' cause of action for Intentional Infliction of

Emotional Distress under State Law; All Defendants was dismissed.  Therefore, no response is

required to paragraph 119 of the Complaint.

120.        Pursuant to the Opinion and Order of United States District Court Judge Sandra

Feuerstein, entered on November 14, 2013, Plaintiffs' cause of action for Intentional Infliction of Emotional Distress under State Law; All Defendants was dismissed. Therefore, no response is required to paragraph 120 of the Complaint.

121.    Pursuant to the Opinion and Order of United States District Court Judge Sandra Feuerstein, entered on November 14, 2013, Plaintiffs' cause of action for Intentional Infliction of Emotional Distress under State Law; All Defendants was dismissed. Therefore, no response is required to paragraph 121 of the Complaint.

122.    Pursuant to the Opinion and Order of United States District Court Judge Sandra Feuerstein, entered on November 14, 2013, Plaintiffs' cause of action for Intentional Infliction of Emotional Distress under State Law; All Defendants was dismissed. Therefore, no response is required to paragraph 122 of the Complaint.

123.    Pursuant to the Opinion and Order of United States District Court Judge Sandra Feuerstein, entered on November 14, 2013, Plaintiffs' cause of action for Intentional Infliction of Emotional Distress under State Law; All Defendants was dismissed. Therefore, no response is required to paragraph 123 of the Complaint.

124.    Pursuant to the Opinion and Order of United States District Court Judge Sandra Feuerstein, entered on November 14, 2013, Plaintiffs' cause of action for Intentional Infliction of Emotional Distress under State Law; All Defendants was dismissed. Therefore, no response is required to paragraph 124 of the Complaint.

**AS AND FOR AN ANSWER TO
THIRD CAUSE OF ACTION**

125.    County Defendants repeat and re-allege the answers set forth in paragraphs "1" through "124" of the complaint as if fully set forth herein.

126.    Pursuant to the Opinion and Order of United States District Court Judge Sandra

Feuerstein, entered on November 14, 2013, Plaintiffs' cause of action for Abuse of Process under State Law Intentional Infliction of Emotional Distress under State Law; All Defendants was dismissed. Therefore, no response is required to paragraph 126 of the Complaint.

127.     Pursuant to the Opinion and Order of United States District Court Judge Sandra Feuerstein, entered on November 14, 2013, Plaintiffs' cause of action for Abuse of Process under State Law Intentional Infliction of Emotional Distress under State Law; All Defendants was dismissed. Therefore, no response is required to paragraph 127 of the Complaint.

128.     Pursuant to the Opinion and Order of United States District Court Judge Sandra Feuerstein, entered on November 14, 2013, Plaintiffs' cause of action for Abuse of Process under State Law Intentional Infliction of Emotional Distress under State Law; All Defendants was dismissed. Therefore, no response is required to paragraph 128 of the Complaint.

129.     Pursuant to the Opinion and Order of United States District Court Judge Sandra Feuerstein, entered on November 14, 2013, Plaintiffs' cause of action for Abuse of Process under State Law Intentional Infliction of Emotional Distress under State Law; All Defendants was dismissed. Therefore, no response is required to paragraph 129 of the Complaint.

130.     Pursuant to the Opinion and Order of United States District Court Judge Sandra Feuerstein, entered on November 14, 2013, Plaintiffs' cause of action for Abuse of Process under State Law Intentional Infliction of Emotional Distress under State Law; All Defendants was dismissed. Therefore, no response is required to paragraph 130 of the Complaint.

131.     Pursuant to the Opinion and Order of United States District Court Judge Sandra Feuerstein, entered on November 14, 2013, Plaintiffs' cause of action for Abuse of Process under State Law Intentional Infliction of Emotional Distress under State Law; All Defendants was dismissed. Therefore, no response is required to paragraph 131 of the Complaint.

132.     Pursuant to the Opinion and Order of United States District Court Judge Sandra Feuerstein, entered on November 14, 2013, Plaintiffs' cause of action for Abuse of Process under State Law Intentional Infliction of Emotional Distress under State Law; All Defendants was dismissed.  Therefore, no response is required to paragraph 132 of the Complaint.

**AS AND FOR AN ANSWER TO**
**<u>FOURTH CAUSE OF ACTION</u>**

133.     County Defendants repeat and re-allege the answers set forth in paragraphs "1" through "132" of the complaint as if fully set forth herein.

134.     Deny the allegations contained in paragraph 134 of the Complaint.

135.     Deny the allegations contained in paragraph 135 of the Complaint.

136.     Deny the allegations contained in paragraph 136 of the Complaint.

137.     Deny the allegations contained in paragraph 137 of the Complaint.

138.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 138 of the Complaint and respectfully refer questions of law to the court.

139.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 139 of the Complaint.

140.     Deny the allegations contained in paragraph 140 of the Complaint.

141.     Deny the allegations contained in paragraph 141 of the Complaint.

**AS AND FOR AN ANSWER TO**
**<u>FIFTH CAUSE OF ACTION</u>**

142.     County Defendants repeat and re-allege the answers set forth in paragraphs "1" through "141" of the complaint as if fully set forth herein.

143.     Pursuant to the Opinion and Order of United States District Court Judge Sandra Feuerstein, entered on November 14, 2013, Plaintiffs' cause of action for Negligent

Misrepresentation under State Law; Defendants was dismissed.  Therefore, no response is required to paragraph 143 of the Complaint.

144.     Pursuant to the Opinion and Order of United States District Court Judge Sandra Feuerstein, entered on November 14, 2013, Plaintiffs' cause of action for Negligent Misrepresentation under State Law; Defendants was dismissed.  Therefore, no response is required to paragraph 144 of the Complaint.

145.     Pursuant to the Opinion and Order of United States District Court Judge Sandra Feuerstein, entered on November 14, 2013, Plaintiffs' cause of action for Negligent Misrepresentation under State Law; Defendants was dismissed.  Therefore, no response is required to paragraph 145 of the Complaint.

146.     Pursuant to the Opinion and Order of United States District Court Judge Sandra Feuerstein, entered on November 14, 2013, Plaintiffs' cause of action for Negligent Misrepresentation under State Law; Defendants was dismissed.  Therefore, no response is required to paragraph 146 of the Complaint.

147.     Pursuant to the Opinion and Order of United States District Court Judge Sandra Feuerstein, entered on November 14, 2013, Plaintiffs' cause of action for Negligent Misrepresentation under State Law; Defendants was dismissed.  Therefore, no response is required to paragraph 147 of the Complaint.

148.     Pursuant to the Opinion and Order of United States District Court Judge Sandra Feuerstein, entered on November 14, 2013, Plaintiffs' cause of action for Negligent Misrepresentation under State Law; Defendants was dismissed.  Therefore, no response is required to paragraph 148 of the Complaint.

**AS AND FOR AN ANSWER TO**
**SIXTH CAUSE OF ACTION**

149.     County Defendants repeat and re-allege the answers set forth in paragraphs "1" through "148" of the complaint as if fully set forth herein.

150.     Deny the allegations contained in paragraph 150 of the Complaint.

151.     Deny the allegations contained in paragraph 151 of the Complaint.

152.     Deny the allegations contained in paragraph 152 of the Complaint.

153.     Deny the allegations contained in paragraph 153 of the Complaint.

154.     Deny the allegations contained in paragraph 154 of the Complaint.

155.     Deny the allegations contained in paragraph 155 of the Complaint.

156.     Deny the allegations contained in paragraph 156 of the Complaint.

157.     Deny the allegations contained in paragraph 157 of the Complaint.

158.     Deny the allegations contained in paragraph 158 of the Complaint.

159.     Deny the allegations contained in paragraph 159 of the Complaint.

**AS AND FOR AN ANSWER TO**
**<u>SEVENTH CAUSE OF ACTION</u>**

160.     County Defendants repeat and re-allege the answers set forth in paragraphs "1" through "159" of the complaint as if fully set forth herein.

161.     Deny the allegations contained in paragraph 161 of the Complaint.

162.     Deny the allegations contained in paragraph 162 of the Complaint.

    g.     Deny the allegations contained in paragraph 162(a) of the Complaint.

    h.     Deny the allegations contained in paragraph 162(b) of the Complaint.

    i.     Deny the allegations contained in paragraph 162(c) of the Complaint.

163.     Deny the allegations contained in paragraph 163 of the Complaint.

164.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 164 of the Complaint and respectfully refer questions of law to the court.

165.     Deny the allegations contained in paragraph 165 of the Complaint.

     j.  Deny the allegations contained in paragraph 165(a) of the Complaint.

     k.  Deny the allegations contained in paragraph 165(b) of the Complaint.

     l.  Deny the allegations contained in paragraph 165(c) of the Complaint.

166.     Deny the allegations contained in paragraph 166 of the Complaint.

167.     Deny the allegations contained in paragraph 167 of the Complaint.

168.     Deny the allegations contained in paragraph 168 of the Complaint.

169.     Deny the allegations contained in paragraph 169 of the Complaint.

## AS AND FOR AN ANSWER TO
## EIGHTH CAUSE OF ACTION

170.     County Defendants repeat and re-allege the answers set forth in paragraphs "1" through "169" of the complaint as if fully set forth herein.

171.     Deny the allegations contained in paragraph 171 of the Complaint.

172.     Deny the allegations contained in paragraph 172 of the Complaint.

     m.  Deny the allegations contained in paragraph 172(a) of the Complaint.

     n.  Deny the allegations contained in paragraph 172(b) of the Complaint.

     o.  Deny the allegations contained in paragraph 172(c) of the Complaint.

     p.  Deny the allegations contained in paragraph 172(d) of the Complaint.

     q.  Deny the allegations contained in paragraph 172(e) of the Complaint.

     r.  Deny the allegations contained in paragraph 172(f) of the Complaint.

     s.  Deny the allegations contained in paragraph 172(g) of the Complaint.

173.     Deny the allegations contained in paragraph 173 of the Complaint.

174.     Deny the allegations contained in paragraph 174 of the Complaint.

175.     Deny the allegations contained in paragraph 175 of the Complaint.

176.     Deny the allegations contained in paragraph 176 of the Complaint.


**AS AND FOR AN ANSWER TO
NINTH CAUSE OF ACTION**

177.     County Defendants repeat and re-allege the answers set forth in paragraphs "1"

through "176" of the complaint as if fully set forth herein.

178.     Deny the allegations contained in paragraph 178 of the Complaint.

179.     Deny the allegations contained in paragraph 179 of the Complaint.

180.     Deny the allegations contained in paragraph 180 of the Complaint.

181.     Deny the allegations contained in paragraph 181 of the Complaint.

182.     Deny the allegations contained in paragraph 182 of the Complaint.

183.     Deny the allegations contained in paragraph 183 of the Complaint.

184.     Deny the allegations contained in paragraph 184 of the Complaint.

185.     Deny the allegations contained in paragraph 185 of the Complaint.

186.     Deny the allegations contained in paragraph 186 of the Complaint.

**AS AND FOR AN ANSWER TO
TENTH CAUSE OF ACTION**

187.     County Defendants repeat and re-allege the answers set forth in paragraphs "1"

through "186" of the complaint as if fully set forth herein.

188.     Deny the allegations contained in paragraph 188 of the Complaint.

189.     Deny the allegations contained in paragraph 189 of the Complaint.

    t.   Deny the allegations contained in paragraph 189(a) of the Complaint.

    u.   Deny the allegations contained in paragraph 189(b) of the Complaint.

    v.   Deny the allegations contained in paragraph 189(c) of the Complaint.

190.      Deny the allegations contained in paragraph 190 of the Complaint.

    w.   Deny the allegations contained in paragraph 190(a) of the Complaint.

    x.   Deny the allegations contained in paragraph 190(b) of the Complaint.

    y.   Deny the allegations contained in paragraph 190(c) of the Complaint.

191.      Deny the allegations contained in paragraph 191 of the Complaint.

    z.   Deny the allegations contained in paragraph 191(a) of the Complaint.

    aa. Deny the allegations contained in paragraph 191(b) of the Complaint.

    bb. Deny the allegations contained in paragraph 191(c) of the Complaint.

    cc. Deny the allegations contained in paragraph 191(d) of the Complaint.

192.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 192 of the Complaint and respectfully refer questions of law to the court.

193.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 193 of the Complaint and respectfully refer questions of law to the court.

194.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 194 of the Complaint and respectfully refer questions of law to the court.

195.      Deny the allegations contained in paragraph 195 of the Complaint.

196.      Deny the allegations contained in paragraph 196 of the Complaint.

**AS AND FOR AN ANSWER TO**
**ELEVENTH CAUSE OF ACTION**

197.      County Defendants repeat and re-allege the answers set forth in paragraphs "1" through "196" of the complaint as if fully set forth herein.

198.    Deny the allegations contained in paragraph 198 of the Complaint.

199.    Deny the allegations contained in paragraph 199 of the Complaint.

200.    Deny the allegations contained in paragraph 200 of the Complaint.

201.    Deny the allegations contained in paragraph 201 of the Complaint.

202.    Deny the allegations contained in paragraph 202 of the Complaint.

203.    Deny the allegations contained in paragraph 203 of the Complaint.

204.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 204 of the Complaint.

205.    Deny the allegations contained in paragraph 205 of the Complaint.

dd. Deny the allegations contained in paragraph 205(a) of the Complaint.

   i.  Deny the allegations contained in paragraph 205(i) of the Complaint.

   ii. Deny the allegations contained in paragraph 205(ii) of the Complaint.

   iii. Deny the allegations contained in paragraph 205(iii) of the Complaint.

   iv. Deny the allegations contained in paragraph 205(iv) of the Complaint.

ee. Deny the allegations contained in paragraph 205(b) of the Complaint.

206.    Deny the allegations contained in paragraph 206 of the Complaint.

ff.  Deny the allegations contained in paragraph 206(a) of the Complaint.

gg. Deny the allegations contained in paragraph 206(b) of the Complaint.

hh. Deny the allegations contained in paragraph 206(c) of the Complaint.

207.    Deny the allegations contained in paragraph 207 of the Complaint.

ii.  Deny the allegations contained in paragraph 207(a) of the Complaint.

jj.  Deny the allegations contained in paragraph 207(b) of the Complaint.

kk. Deny the allegations contained in paragraph 207(c) of the Complaint.

23

ll.   Deny the allegations contained in paragraph 207(d) of the Complaint.

208.     Deny the allegations contained in paragraph 208 of the Complaint.

209.     Deny the allegations contained in paragraph 209 of the Complaint.

210.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 210 of the Complaint.

211.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 211 of the Complaint.

212.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 212 of the Complaint.

213.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 213 of the Complaint and respectfully refer questions of law to the court.

214.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 214 of the Complaint and respectfully refer questions of law to the court.

215.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 215 of the Complaint and respectfully refer questions of law to the court.

216.     Deny the allegations contained in paragraph 216 of the Complaint.

## AS AND FOR AN ANSWER TO
## TWELFTH CAUSE OF ACTION

217.     County Defendants repeat and re-allege the answers set forth in paragraphs "1" through "216" of the complaint as if fully set forth herein.

218.     Deny the allegations contained in paragraph 218 of the Complaint.

mm.     Deny the allegations contained in paragraph 218(a) of the Complaint.

nn. Deny the allegations contained in paragraph 218(b) of the Complaint.

oo. Deny the allegations contained in paragraph 218(c) of the Complaint.

24

pp. Deny the allegations contained in paragraph 218(d) of the Complaint.

qq. Deny the allegations contained in paragraph 218(e) of the Complaint.

rr.  Deny the allegations contained in paragraph 218(f) of the Complaint.

219.     Deny the allegations contained in paragraph 219 of the Complaint.

220.     Deny the allegations contained in paragraph 220 of the Complaint.

221.     Deny the allegations contained in paragraph 221 of the Complaint.

222.     Deny the allegations contained in paragraph 222 of the Complaint.

223.     Deny the allegations contained in paragraph 223 of the Complaint.

224.     Deny the allegations contained in paragraph 224 of the Complaint.

225.     Deny the allegations contained in paragraph 225 of the Complaint.

**AS AND FOR AN ANSWER TO**
**THIRTEENTH CAUSE OF ACTION**

226.     County Defendants repeat and re-allege the answers set forth in paragraphs "1"

through "225" of the complaint as if fully set forth herein.

227.     Deny the allegations contained in paragraph 227 of the Complaint.

ss.  Deny the allegations contained in paragraph 227(a) of the Complaint.

tt.  Deny the allegations contained in paragraph 227(b) of the Complaint.

uu. Deny the allegations contained in paragraph 227(c) of the Complaint.

vv. Deny the allegations contained in paragraph 227(d) of the Complaint.

ww.     Deny the allegations contained in paragraph 227(e) of the Complaint.

xx. Deny the allegations contained in paragraph 227(f) of the Complaint.

yy. Deny the allegations contained in paragraph 227(g) of the Complaint.

zz.  Deny the allegations contained in paragraph 227(h) of the Complaint.

228.     Deny the allegations contained in paragraph 228 of the Complaint.

229.    Deny the allegations contained in paragraph 229 of the Complaint.

230.    Deny the allegations contained in paragraph 230 of the Complaint.

231.    Deny the allegations contained in paragraph 231 of the Complaint.

232.    Deny the allegations contained in paragraph 232 of the Complaint.

**AS AND FOR AN ANSWER TO
FOURTEENTH CAUSE OF ACTION**

233.    County Defendants repeat and re-allege the answers set forth in paragraphs "1" through "232" of the complaint as if fully set forth herein.

234.    Deny the allegations contained in paragraph 234 of the Complaint.

**AS AND FOR AN ANSWER TO
DAMAGES DEMAND**

aaa.    Deny the allegations contained in paragraph (a) of the section entitled "Damages Demand" of the Complaint.

bbb.    Deny the allegations contained in paragraph (b) of the section entitled "Damages Demand" of the Complaint.

ccc.    Deny the allegations contained in paragraph (c) of the section entitled "Damages Demand" of the Complaint.

ddd.    Deny the allegations contained in paragraph (d) of the section entitled "Damages Demand" of the Complaint.

eee.    Deny the allegations contained in paragraph (e) of the section entitled "Damages Demand" of the Complaint.

**AFFIRMATIVE DEFENSES
FIRST AFFIRMATIVE DEFENSE**

235.    Plaintiff's constitutional and statutory rights have not been violated.

## SECOND AFFIRMATIVE DEFENSE

236.    The actions complained of were in full accord with applicable law.

## THIRD AFFIRMATIVE DEFENSE

237.    At all applicable times herein, the County of Nassau, its agencies, departments and employees enjoyed full, partial or qualified immunity from suit.

## FOURTH AFFIRMATIVE DEFENSE

238.    Pursuant to the *Monell* doctrine, the County of Nassau cannot be held liable for the acts of its employees on the basis of respondeat superior in a 42 U.S.C. § 1983 action, and consequently the County cannot be liable for the acts or conduct of any individual defendant herein, as a matter of law.

## FIFTH AFFIRMATIVE DEFENSE

239.    At all the times mentioned in the Complaint, Defendants and all employees of Defendant County of Nassau alleged to have anything to do with Plaintiff, were acting in the performance of their respective duties as employees and all employees of Defendant County of Nassau alleged to have anything to do with Plaintiff acted in good faith, without malice and with reasonable and proper cause in the ordinary course of their respective duties.

## SIXTH AFFIRMATIVE DEFENSE

240.    Plaintiff has failed to mitigate his damages in this matter.

## SEVENTH AFFIRMATIVE DEFENSE

241.    Punitive damages may not be recovered against the County of Nassau as a matter of law.

## EIGHTH AFFIRMATIVE DEFENSE

242.    If Plaintiff sustained damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the conduct of Plaintiff without any actions on the part of the Defendants contributing thereto.

## NINTH AFFIRMATIVE DEFENSE

243.    If Plaintiff sustained damages as alleged in the complaint, such damages were sustained solely through and by virtue of the conduct of third parties not under the control of the Defendants, without any actions on the part of the Defendants contributing thereto.

## TENTH AFFIRMATIVE DEFENSE

244.    Should Plaintiff recover damages as a result of a finding of liability in whole or in part against the Defendants, such recovery should be reduced and diminished in proportion to the degree of liability of the Plaintiff in contributing to such damages due to her own conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

245.    Plaintiff has failed to state a cause of action for his pendent state law claims.

## TWELFTH AFFIRMATIVE DEFENSE

246.    The Nassau County Police Department and the Nassau County District Attorney's Office are administrative arms of Nassau County and are therefore not suable entities.

## THIRTEENTH AFFIRMATIVE DEFENSE

247.    Plaintiff is precluded and barred by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

248.    Plaintiff is precluded and barred by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

249.    Plaintiff is precluded and barred by waiver of estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

250.    Plaintiff is precluded and barred from recovery based upon his own culpable conduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE

251.    Plaintiff is barred by his failure to have met conditions precedent to assert a cause of action against County Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

252.    Plaintiff is barred by the Statute of Limitations.

## NINETEENTH AFFIRMATIVE DEFENSE

253.    Plaintiff is barred by the Statute of Frauds.

## TWENTIETH AFFIRMATIVE DEFENSE

254.    Plaintiff is not entitled to recover under Quantum Meruit.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

255.    Plaintiff has failed to extinguish all available state remedies and, therefore, is not entitled to institute the within claim.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

256.    Plaintiff has not complied with Section 50-e and/or 50-i and/or 50-h of the General Municipal Law of the State of New York.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

257.    At all times mentioned in the Complaint and herein mentioned, all employees of the defendant County of Nassau alleged to have anything to do with the plaintiff acted in their respective official capacities, and as members of the Police Department of Nassau County and they were and still are police officers and peace officers of the State of New York.

258.     At all times herein mentioned and mentioned in the Complaint, the police officers, agents, servants and/or employees of the defendant County of Nassau; that all of the acts of such persons as peace officers and all of the acts of each police officer, agent and/or employee of the defendant County of Nassau in connection with the plaintiff were performed in good faith, without malice and with reasonable and proper cause in the ordinary course of their duties as such police officers, agents, servants and/or employees of the defendant County of Nassau, as peace officers of the State of New York, and as required by them and each of them by reason of the conduct of the plaintiff and the aforementioned arrest and confinement.

## **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

259.     At all times herein mentioned in the complaint, all correctional officers, agents, servants and/or employees of the defendant County of Nassau, having anything to do with the Plaintiff were in the performance of their respective duties as correctional officers, agents, servants and/or employees of the aforesaid defendant; that all of the acts of such persons as correctional officers, agents, servants and/or employees of the aforesaid defendant in connection in connection with the arrest and confinement of the plaintiff were performed in good faith, without malice and with reasonable and probable cause in the ordinary course of their duties as correctional officers, agents, servants and/or employees of the defendant COUNTY OF NASSAU, and/or as required by such persons by reason of the conduct of the plaintiff in the aforementioned arrest and confinement.

WHEREFORE, County Defendants, County of Nassau, Nassau County Police Department, Sergeant David Veverka, Shield # 1497, Police Officer David Tait, Shield #01471, Sergeant Burton A. Fried, Detective Thomas Storz, Detective Jason Pinsky, Shield #7908 of the Forensic Evidence Bureau, Nassau County District Attorney Kathleen Rice, Assistant District Attorney Patrick H. Finley, Commissioner Ford, Corporal Hardy and Correction Officer Daley respectfully request that the Complaint be dismissed in its entirety, with prejudice, and for such other and further relief as may be just and proper.

Dated: Mineola, New York
       May 8, 2014

                                        CARNELL T. FOSKEY
                                        Nassau County Attorney
                                        One West Street
                                        Mineola, New York 11501

                              By:       Thomas Lai
                                        Deputy County Attorney
                                        (516) 571-6074

To:    Plaintiff by ECF

31