UNITED STATES DISTRICT COURT
EASTERN DISRICT OF NEW YORK
--------------------------------------------------------------------------------X
KHURRAM SHAHZAD,

                Plaintiff,

          -against-                           13-CV-2268 (SJF) (SIL)

THE COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, SERGEANT DAVID VEVERKA, SHIELD #
1495, POLICE OFFICER DAVID TAIT, SHIELD #01471,
SERGEANT BURTON A. FRIED, DETECTIVE THOMAS
STORZ, DETECTIVE JASON PINSKY, SHIELD # 7908 OF
THE FORENSIC EVIDENCE BUREAU, NASSAU COUNTY
DISTRICT ATTORNEY KATHLEEN RICE, ASSISTANT
DISTRICT ATTORNEY PATRICK J. FINLEY,                  **ORDER**
COMMISSIONER FORD, CORPORAL HARDY,
CORRECTION OFFICER DALEY and OFFICERS OF THE
NASSAU COUNTY SHERIFFS DEPARTMENT
CORRECTIONS DIVISION,

                Defendants.
--------------------------------------------------------------------------------X

**LOCKE, Magistrate Judge:**

Presently before the court in this civil rights case is Plaintiff Khurram Shahzad's motion to compel responses without objection to Plaintiff's interrogatories to Defendants dated May 5, 2014. For the reasons set forth below, the motion is granted in part and denied in part.

*Background*

According to the Complaint, Plaintiff was arrested on June 9, 2007, when police officers allegedly found illegal narcotics in his vehicle. In February 2008, he was indicted for criminal possession of controlled substances, unlawful possession of marijuana and unlicensed operation of a motor vehicle, all charges stemming from the June 9, 2007 incident. Plaintiff alleges that he was held in custody for 346 days before his case was dismissed. On October 24, 2010, Mr. Shazad was notified that the criminal case against him had been reopened. He was subsequently tried and

convicted on all charges in the Nassau County Supreme Court and was sentenced to two years' imprisonment in December 2010.

In September 2011, Plaintiff filed a motion to set aside the guilty verdict in the Nassau County Criminal Court. Plaintiff's motion was based in part on an alleged failure by Defendants Nassau County District Attorney Kathleen Rice and Assistant District Attorney Patrick J. Finley (hereinafter, "DA Defendants") to disclose potentially exculpatory material evidence during the prosecution as required by law, as well as subsequent revelations about unlawful conduct by the forensic crime lab used to examine the evidence in the criminal case. An evidentiary hearing was held in December 2011, and in April 2012, Plaintiff's motion to set aside the guilty verdict was granted.

*Procedural History*

Plaintiff commenced this action in April 2013 pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and related state law, alleging that he was wrongfully arrested, detained, prosecuted, convicted, incarcerated, and mistreated while in prison as a result of Defendants' unlawful conduct.

On or around May 5, 2014, Plaintiff served 11 of the named Defendants with a demand for documents and his first set of interrogatories. [DE #89 Ex. 1]. The request contained three sets of interrogatories, with each set directed at a different group of defendants. Thirteen interrogatories were directed to Defendants County of Nassau and Nassau County Police Department; nine interrogatories were directed to Defendants Sergeant David Veverka, Police Officer David Tait, Sergeant Burton A. Fried, Detective Thomas Storz, and Detective Jason Pinsky of the Forensic Evidence Bureau; and ten interrogatories were directed to DA Defendants. At some point thereafter, Plaintiff consented to Defendants' request for a two-week extension to answer the interrogatories, pushing the deadline to respond to June 19, 2014.

2

On June 20, 2014, Defendants filed a motion to stay discovery pending a decision on their motion to dismiss. [DE # 57]. The motion was grounded in part on Defendants' assertion that Plaintiff's interrogatories were inappropriate. On July 7, 2014, District Judge Feuerstein denied the motion. [DE # 65]. On July 22, 2014, Judge Feuerstein granted Plaintiff's motion to extend discovery until October 10, 2014. [DE # 77].

On July 12, 2014, Defendants sent Plaintiff's counsel a letter reiterating Defendants' position that Plaintiff's interrogatories were improper and suggesting that Plaintiff withdraw them and serve a revised set of interrogatories. On July 15, 2014, Defendants mailed documents to Plaintiff in response to Plaintiff's May 6, 2014 document demand. The July 15, 2014 document production however, did not contain responses to Plaintiff's interrogatories because "Plaintiff's interrogatory demands were previously rejected in County Defendants' Motion to Stay [Discovery][DE # 57]". In the instant motion, Plaintiff alleges that on September 10, 2014, defense counsel reiterated during a telephone conference that Defendants were "rejecting [Plaintiff's interrogatories] in total."

*The Parties' Arguments*

A. *Plaintiff's Argument*

Plaintiff asserts that despite his assent to a two-week extension of the 30-day deadline to respond to his interrogatories prescribed by Fed. R. Civ. P. 33, Defendants failed to respond until July 12, 2014, well beyond the extended deadline the parties had agreed to. The extent of Defendants' response on July 12, 2014 was a blanket rejection of all of Plaintiff's interrogatories. Plaintiff alleges, and Defendants do not appear to dispute, that no specific answers to any of the interrogatories have been provided to date.

Plaintiff argues that under Fed. R. Civ. P. 33(b), by failing to answer his interrogatories by the extended deadline to which the parties agreed, Defendants waived their right to raise any objections to the interrogatories and must be compelled to respond in full.

*B. Defendants' Argument*

Initially, Defendants argue that they have not waived their objections to Plaintiff's interrogatories by failing to respond. Defendants claim that they did, in fact, respond to Plaintiff's interrogatories by rejecting them via their motion to stay discovery filed on June 20, 2014 [DE #57], as well as correspondence dated July 12, 2014 and July 22, 2014. Defendants note that the June 20, 2014 motion to stay was filed within the two-week extension period agreed to by the parties.

Defendants further contend that they should not be compelled to answer any of Plaintiff's interrogatories because the interrogatories are overly broad, inappropriate, and in excess of the 25 interrogatory limit set forth in Fed. R. Civ. P. 33. In addition to reiterating these claims, Defendants also argue in their response to the instant motion that the interrogatories are objectionable because they lack specificity.

Finally, Defendants argue that by filing the instant motion to compel, Plaintiff violated Local Rule 37.1, which provides in relevant part that upon any motion to compel under Fed. R. Civ. P. 37, "the moving party shall specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed. The motion or application shall also set forth the grounds upon which the moving party is entitled to prevail as to each request or response." Defendants argue that Plaintiff violated Local Rule 37.1 because he has merely accused Defendants of "refus[ing] to respond to any of plaintiff's interrogatories without any specificity," and has failed to "explain how or why he believes County Defendants'

4

responses were deficient." According to Defendants, Plaintiff's motion to compel should be denied for all of these reasons.

*Applicable Law*

In the Second Circuit, a magistrate judge

> possesses wide discretion in handling pre-trial discovery matters. *See Ruddock v. Reno,* No. 96 Civ. 1964, 2001 WL 1717241, at *1, 2001 U.S. Dist. LEXIS 24724, at *3 (N.D.N.Y. Dec. 19, 2001) (citing *Cruden v. Bank of New York,* 957 F.2d 961, 972 (2d Cir.1992)). Pre-trial discovery issues are generally considered nondispositive matters. *See Thomas E. Hoar v. Sara Lee Corp.,* 900 F.2d 522, 525 (2d Cir.1990). When reviewing a magistrate judge's order concerning discovery, issues that are non-dispositive of a claim or defense may be set aside or modified only upon a showing that the Order "was clearly erroneous or contrary to law." *Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 525 (2d Cir.1990) (citation omitted); *Fed.R.Civ.P.* 72(a). An order is "clearly erroneous" only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Thompson v. Keane,* No. 95 Civ. 2442, 1996 WL 229887, at *1, 1996 U.S. Dist. LEXIS 6022, at *1 (S.D.N.Y. May 6, 1996) (internal quotation and citations omitted).

*United Parcel Serv. of Am., Inc. v. The Net, Inc.*, 222 F.R.D. 69, 70-71 (E.D.N.Y. 2004).

This discretion applies to determinations as to whether to deem objections to interrogatories waived if they are not timely asserted. *Accord Williams v. Krieger*, 61 F.R.D. 142, 145 (S.D.N.Y. 1973)(*citing Dann v. Compagnie Generale Trans-Atlantique, Ltd*., 29 F.Supp. 330 (E.D.N.Y.1939))(noting that the court had discretion to strike plainly improper interrogatories *sua sponte* and to order the responding party to answer or object by a certain deadline rather than deeming objections waived); *see also* Fed. R. Civ. P 33(b)(4)("[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure").

*Discussion*

Applying the standards above, Plaintiff's motion to compel responses to his interrogatories without objection is granted in part and denied in part. While many of the facts in this case are vigorously disputed, the parties agree that Defendants' response to Plaintiff's interrogatories was

a blanket refusal to answer any of them. Defendants' across-the-board "rejection" of Plaintiff's interrogatories violates Federal Rule 33, which states in relevant part that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath," and that "the grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(3)-(4). Defendants' blanket refusal to answer, asserted as part of its June 20, 2014 motion to stay discovery and grounded in several cursory objections to the interrogatories as a whole, does not satisfy the requirements of Rule 33. *See, e.g., Anderson v. Sposato*, CV 11-5663, 2014 WL 794282 (E.D.N.Y. Feb. 26, 2014)("A party resisting discovery has the burden of showing 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive... by submitting affidavits or offering evidence revealing the nature of the burden.'")(quoting *Pegoraro v. Marrero,* 281 F.R.D. 122, 128–29 (S.D.N.Y.2012))(internal quotations omitted); *United States v. Nysco Labs., Inc.*, 26 F.R.D. 159, 161 (E.D.N.Y. 1960)("objections [to interrogatories] must be specific and supported by a detailed explanation why the interrogatory or class of interrogatories are objectionable").

Defendants' argument about Plaintiff's alleged failure to comply with Local Rule 37.1 is rejected as elevating form over substance. After refusing to answer a single interrogatory and failing to detail the grounds for objecting to each one as required by Rule 33, Defendants now accuse Plaintiff of failing to articulate with specificity how their responses to the interrogatories are inadequate with respect to each interrogatory. Under the circumstances, this level of detail is unnecessary and would make no sense. Indeed, sustaining this objection would require Plaintiff to guess as to the true nature of Defendants' objections interrogatory by interrogatory, only to lead to another round of objections by Defendants while discovery grinds to a halt. The Court does not endorse such a result, and the motion to compel is granted to the extent that Defendants are directed

to respond to each of Plaintiff's interrogatories separately. If objections are raised, the parties are to meet and confer with respect to each interrogatory separately before filing motions with the Court.

Further, it appears from the record that Defendants failed to timely raise objections to the interrogatories with the requisite level of specificity under Rule 33. However, as noted above, Rule 33(b)(4) vests the Court with discretion to excuse a failure to answer and refuse to deem objections waived. Here, despite Defendants' failure to respond promptly, the accounts of both parties indicate that Defendants made at least some effort to resolve disagreements with Plaintiff over the scope of the interrogatories prior to Plaintiff filing the instant motion. Given this effort, the "harsh sanction" of deeming all of Defendants' objections to the interrogatories waived is unwarranted. *Bear Creek Cranberry Co., LLC v. Cliffstar Corp.*, 10-CV-00770 A M, 2011 WL 2882078 at *2 (W.D.N.Y. July 15, 2011).

*Conclusion*

For these reasons, Plaintiff's motion is GRANTED in part to the extent that it seeks to compel separate responses to each of Plaintiff's May 5, 2014 interrogatories, and is DENIED in part to the extent that it seeks to preclude Defendants from asserting specific objections in conformity with Rule 33(b). Defendants are hereby ORDERED to respond to each of Plaintiff's interrogatories separately on or before October 10, 2014. Any objections not specifically raised in response to specific interrogatories by that date will be deemed waived.

Dated: Central Islip, New York
September 26, 2014

**SO ORDERED:**

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge